QUESTIONS: 1. Is the secretary of the Department of Offender Rehabilitation a full member of the Florida Parole and Probation Commission with the same rights as other commissioners as to files, information, and panel discussions, with the exception of voting on parole decisions and pardon board recommendations? 2. Do the two staff members assigned to assist the secretary in carrying out his duties have the same access to files, information, and panel discussion as other commission staff and employees?
SUMMARY: Under s. 947.01, F.S. (1974 Supp.), the secretary of the Department of Offender Rehabilitation, as a member ex officio of the Parole and Probation Commission, may not participate in the panel discussions or vote upon the granting or revocation of parole to or recommending clemency for a particular criminal offender. He may, however, participate in the discussion and vote upon all policymaking decisions to the same extent as any other commission member; and, pending a decision on appeal concerning the validity of Ch. 75-49, Laws of Florida, he and his staff should be entitled to access to any of the commission's records that would be useful in deciding matters of policy. AS TO QUESTION 1: In 1974 [by Ch. 74-112, Laws of Florida, s. 947.01, F.S. (1974 Supp.)], the Director of the Division of Corrections of the Department of Health and Rehabilitative Services was designated to serve as the eighth member of the Parole and Probation Commission; and the secretary of the newly created Department of Offender Rehabilitation has succeeded to the statutory powers and duties of the Director of the Division of Corrections, including the duty to serve as a member of the Parole and Probation Commission. Attorney General Opinion 075-212. The fact that a member of a board or commission serves as an ex officio member thereof does not mean that he or she is not a full-fledged member of the board or commission (except as limited by the statute designating him or her as such member). The term "ex officio" means "by virtue or because of an office." Webster's International Dictionary, 2nd ed., p. 894. It simply describes the manner by which a particular official may validly serve as a member of another board or commission — that is, by the Legislature's directing that official to serve as a member of and carry out the powers and duties of another office "because of an office" already held by him, when the duties of the two offices are not incompatible or inconsistent. See Advisory Opinion to Governor, 1 So.2d 636 (Fla. 1941), chairman of State Road Department serving as ex officio member of the State Planning Board; State v. Florida State Turnpike Authority, 80 So.2d 337 (Fla. 1955), member of State Road Board serving ex officio as a member of the State Improvement Commission; Amos v. Matthews, 126 So. 308, 334 (Fla. 1930), Governor, Comptroller, and State Treasurer serving ex officio as the State Board of Administration; Whitaker v. Parson, 86 So. 247,252 (Fla. 1920). Accord: Attorney General Opinion 074-50; Barber Pure Milk Co. v. Alabama State Milk Cont. Bd., 156 So.2d 351, 357
(Ala. 1963), in which the Alabama Supreme Court said it could "perceive no persuasive reason why the Commissioner, as an ex officio member of the Board, should not have the same authority as the appointed members have." It might be noted also that the fact that these duties are performed ex officio — because of another office held by each of them — is not a part of the official title to the new office. As you know, the Governor and the Cabinet serve ex officio as the members of many other administrative boards; and it has never been thought necessary to refer to them other than as members of the particular board or commission whose duties and responsibilities they carry out ex officio when acting in that capacity. In sum: An ex officio member of a board or commission is a "full member" of that body except as expressly limited by the statute designating the official to serve ex officio in the additional official capacity. The statute designating the Director of the Division of Corrections (now the Secretary of the Department of Offender Rehabilitation) to serve as a member of the Parole and Probation Commission, s. 947.01, supra, reads as follows, insofar as here relevant: A Parole and Probation Commission . . . is created to consist of eight citizens who are residents of the state. The members of the commission shall include: (1) Seven members . . . ; and (2) One member who shall be the director of the Division of Corrections of the Department of Health and Rehabilitative Services. The director shall participate in the policy-making decisions of the commission only and shall not participate in decisions on the granting and revocation of parole. The director shall be ineligible for appointment as chairman, shall receive no compensation for his services on the commission, and shall not be required to attend any minimum number of meetings. (Emphasis supplied.) There is nothing in the statute to indicate that the Legislature intended the word "participate" to be used in any except its common ordinary meaning. As so interpreted, the legislative intent is to prohibit the Director of the Division of Corrections (now the Secretary of the Department of Offender Rehabilitation) from taking part in the official decisions on parole — which ordinarily includes the discussions upon which such decisions are based. Cf. Times Publishing Company v. Williams, 222 So.2d 470, 473 (2 D.C.A. Fla., 1969); IDS Properties, Inc. v. Town of Palm Beach, 279 So.2d 353, 357 (1 D.C.A. Fla., 1973), aff'd 296 So.2d 473, interpreting the Government in the Sunshine Law, s. 286.011, F.S. This conclusion is consistent with the fact that the Legislature in 1974 (also by Ch. 74-112, supra) amended s. 947.17, F.S., to provide a new procedure for the granting of paroles by the commission. As amended, this section authorizes paroles to be granted upon the recommendation of the Division of Corrections (now the Department of Offender Rehabilitation), as well as upon the commission's own initiative. And it seems clear that the secretary's participation in the parole hearings as a member of the commission would be incompatible with his duties as the head of the department which has either recommended a convicted person for parole — or, by inaction, has failed or refused to do so. Moreover, a decision on paroling a particular inmate, as well as recommending to the Board of Pardons that clemency be extended by the board to a particular offender, would not appear to be a "policymaking" decision; and, under the express terms of the statute, the secretary is to participate only in this kind of decision. As to access to the files and records of the commission by the secretary: No final conclusive answer to this question may be given as of this writing. Under Ch. 75-49, Laws of Florida (the Correctional Organization Act of 1975), all the powers, duties, and functions of the Parole and Probation Commission "except those relating to the exercise of its quasi-judicial duties and functions, as provided by law" were transferred to the Department of Offender Rehabilitation by a type four transfer. The 1975 Act provides also that: There shall be only one offender-based information and records system maintained by the Department of Offender Rehabilitation for the joint use of the Department of Offender Rehabilitation and the Parole and Probation Commission. The Department of Offender Rehabilitation shall develop, in consultation with the Parole and Probation Commission, such offender-based information system designed to serve the needs of both agencies. The Department shall notify the Commission of all violations of parole and the circumstances thereof. The purpose of this provision is, apparently, to avoid the duplication of records presently maintained by both the department and the commission concerning criminal offenders and to place that responsibility in the department. However, the question of the validity of Ch. 75-49, including the above-quoted provision relating to recordkeeping, is presently pending before the Florida Supreme Court on appeal from a lower court decision declaring it to be unconstitutional. Pending the decision on appeal, I find nothing in the applicable statutes as they existed prior to the adoption of Ch. 75-49, supra, which could be interpreted as limiting your right of access to any of the files and records of the commission that would be useful in deciding the matters of policy in which you are entitled to participate as a member of the commission. Section 947.14(6), F.S., requires the commission to keep permanent records containing information on prospective parolees and authorizes the commission to "make such rules as to the privacy or privilege of such information and its use by others than the Commission and its staff as may be deemed expedient in the performance of its duties." (Emphasis supplied.) See also s.945.10, F.S., as amended by Ch. 74-112, supra, providing that the commission's presentence investigation reports are confidential and available only to the court, the Legislature, the commission, the Department of Offender Rehabilitation, public law enforcement agencies, or parties establishing a legitimate research purpose. This section provides also that The commission shall promulgate rules and regulations stating what portions of its files, reports, or records are considered confidential and subject to restricted view. The department and the commission shall jointly promulgate rules and regulations to prevent the disclosure of confidential information to unauthorized parties, except as provided above. . . . It is not clear whether the quoted provision of s. 945.10, supra, is applicable only to presentence investigation reports prepared by the commission and its staff or to all "files, reports, or records" of the commission. In any event, as noted above, it seems clear that, as a member of the commission entitled to participate in its policymaking decisions, the secretary and his staff should be entitled to access to any of its records that would be useful in deciding matters of policy. The commission's records relating to parolees and probationers, and violations of parole, could be relevant to a decision on a change of policy respecting parole in which the secretary would be entitled to participate, even though he may not, for the reasons stated above, participate in a decision as to the granting or revocation of parole in a particular case. The members of the secretary's staff should have the same right of access to the files, reports, and records of the commission as the secretary.